IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES PARKER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:13-CV-553-WKW |
| | ) | [WO] |
| LOWE'S HOME CENTERS, | ) | |
| INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' motion to remand this removed action back to the Circuit Court of Coffee County, Alabama.  (Doc. # 6.)  The motion has been fully briefed.  (Docs. # 7, 13.)  After careful consideration of the motion and the relevant law, the court finds that Plaintiffs' motion to remand is due to be granted.

## I.  STANDARD OF REVIEW

Federal courts owe a "strict duty" to exercise the limited jurisdiction Congress confers on them.  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (Federal courts "possess only that power authorized by Constitution and statute.").  The law favors remand where federal jurisdiction is not absolutely clear, and courts must construe removal statutes narrowly.  *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1329 (11th Cir. 2006).  "In evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction."  *Triggs v.*

*John Crump Toyota, Inc.*, 154 F.3d 1284, 1288 n.4 (11th Cir. 1998) (citing *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998)).

The 28 U.S.C. § 1441(a) removal in this case rests on 28 U.S.C. § 1332(a). Diversity jurisdiction "requires that no defendant . . . be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). Even if complete diversity is lacking "on the face of the pleadings," a defendant may remove "an action . . . if the joinder of the non-diverse party . . . [was] fraudulent." *Triggs*, 154 F.3d at 1287 (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)). Where the joinder is fraudulent, the court "must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007).

A defendant's joinder is deemed fraudulent when no "reasonable possibility" exists that the plaintiff can establish a cause of action against the non-diverse defendant. *Legg v. Wyeth*, 428 F.3d 1317, 1324 (11th Cir. 2005); *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011).

The removing party bears the burden of proving fraudulent joinder by "clear and convincing evidence," *Stillwell*, 663 F.3d at 1332, and this burden is a "heavy one." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation and

internal quotation marks omitted).  A court examines fraudulent joinder based on the plaintiff's pleadings at the time of removal, but it also "may consider affidavits and deposition transcripts submitted by the parties."  *Id.*; *see also Legg*, 428 F.3d at 1324.  Additionally, the court construes "the factual allegations in the light most favorable to the plaintiff."  *Crowe*, 113 F.3d at 1538.  In this way, the inquiry resembles that required on a motion for summary judgment; however, the inquiry differs in that the court may not "weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law."  *Id.*  And "any ambiguity or doubt about the substantive state law favors remand to state court."  *Id.* at 1539.

## II.  BACKGROUND

On Sunday, February 10, 2013, Plaintiffs Gloria and Charles Parker, who are husband and wife, went shopping for a new rug at Lowe's in Enterprise, Alabama.  Plaintiffs were browsing in the aisle where rolled rugs were stacked and stored on high shelving.  All of a sudden, one of the "large rolled up rug[s] fell from a shelf and hit [Mrs. Parker] on the head and neck."  (Compl. ¶ 7.)  As a result, Mrs. Parker suffered serious physical injuries, requiring surgeries and other extensive

medical treatment.  (Compl. ¶¶ 8, 17.)  In this lawsuit, Mrs. Parker sues Lowe's and Robert Parker, the store manager, to recover for her injuries.[1]

The store manager was off duty that Sunday and not present in the store.  He was responsible, however, for implementing store policies, training and supervising employees with respect to "proper stacking techniques," monitoring the condition of stacked merchandise, and warning customers of known safety hazards.  (Compl. ¶ 11.)  The store manager had a "duty to maintain the Lowe's store premises in a reasonably safe condition for anticipated use by the public," and he knew or should have known that the "stacking of large, unsecured merchandise in high locations on shelving" created unsafe conditions for Lowe's customers.  (Compl. ¶¶ 11, 12.)  As to the particular rug that fell on Mrs. Parker, Plaintiffs allege that the store manager knew or should have known that the unsecured rug could fall and injure a customer because the rug's "unsafe and dangerous position . . . had existed for a sufficient period of time."  (Compl. ¶ 13.)

The Complaint, originally filed in the Circuit Court of Coffee County, contains two counts alleging claims under Alabama law.  Count One alleges that Lowe's and the store manager breached their duty of care owed to Mrs. Parker by negligently or wantonly failing to maintain the Lowe's Enterprise store in a

---

[1] There is no indication in the record that Plaintiffs Charles Parker and Gloria Parker are related to the store manager, Robert Parker.  To avoid confusion, the court refers to Robert Parker simply as the "store manager."

reasonably safe condition and that their breach proximately caused her injuries. Count Two is Mr. Parker's loss-of-consortium claim. The present motion concerns only the claims in Count One against the store manager.

Defendant Lowe's Home Centers, Inc., timely removed this action from state court, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. Lowe's contends that Plaintiff fraudulently joined the store manager, the sole non-diverse defendant, because there is no possibility under Alabama law that they can establish a cause of action against an off-duty store manager for negligence or wantonness. Lowe's is a North Carolina corporation with its principal place of business in North Carolina. (Compl. ¶ 5.) Although both Plaintiffs and the store manager are Alabama citizens, Lowe's contends that Plaintiffs fraudulently joined the store manager and that, in his absence, there is complete diversity.

In support of removal, Lowe's supplements the facts with an affidavit from the store manager who confirms that "on the date" of Mrs. Parker's injuries, he "was not on duty and in fact not even in the store." (Store Manager's Aff. 1 (Doc. # 2-1).) He attests further:

> I had no duties or responsibilities which related in any way to the operation of the store in question at the time of the incident made the basis of this lawsuit. I did not personally participate in the creation of any condition cited in the litigation, and I was not in charge of the store at the time of the incident made the basis of the Plaintiffs' claims.

(Store Manager's Aff. 1.)

### III. DISCUSSION

The propriety of removal in this premises liability case hinges upon whether Plaintiffs fraudulently joined the store manager to defeat diversity jurisdiction. Lowe's argues that there is no reasonable possibility of establishing a cause of action against the store manager for negligence or wantonness. It says it is "unaware of any Alabama court that has addressed the issue of whether a corporate employee, by simple virtue of his title of manager, can be held personally liable in a premises liability action when he was not present in the store [n]or on duty when the incident occurred." (Def.'s Br. 7.) According to Lowe's, Alabama "cases allowing individual liability for a corporate employee require[ ] some direct participation in the mechanism of the injury, which requires physical presence in a premises liability case." (Def.'s Br. 10–11.)

Plaintiffs counter that the mere "fact that [the store manager] was not in the store *when the injury* occurred does not relieve him of liability for actions prior to that time." (Pls.' Br. 5–6.) They contend that under Defendant's logic, if a store manager observed "a large puddle of water on the floor of an aisle," ignored it, and went home, he would escape liability when in his absence a customer slipped and fell on the wet floor. (Pls.' Br. 6.) Plaintiffs assert that there are ample allegations establishing the store manager's personal participation in the accident through dereliction of his managerial duties in the days and weeks preceding February 10,

2013, and based upon his "individual conduct" in improperly stacking and securing merchandise.  (Pl.'s Br. 6.)

Both parties agree that *Kimbrough v. Dial*, a Northern District case addressing a motion to remand, accurately states Alabama law:  "[A]n agent of the corporation cannot be held individually liable for a corporation's negligent or wrongful acts unless [he] contributed or participated in them."  No. 06-0585, 2006 WL 3627102, at *5 (S.D. Ala. Dec. 11, 2006) (citing *Ex parte McInnis*, 820 So. 2d 795, 798–99 (Ala. 2001) ("A corporate agent who personally participates, albeit in his or her capacity as such agent, in a tort is personally liable for the tort."); *Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc.*, 496 So. 2d 774, 775 (Ala. 1986) ("In Alabama, the general rule is that officers or employees of a corporation are liable for torts in which they have personally participated, irrespective of whether they were acting in a corporate capacity.")).  The parties disagree, however, on how Alabama law defines personal participation in a premises liability case where the store manager is off-duty when the accident occurs.

*McInnis* and *Charles Bell* are not premises liability cases, but *Kimbrough* is. In *Kimbrough*, the plaintiff slipped and fell on a slippery substance on the floor of a business establishment.  She brought Alabama common-law claims for negligence and wantonness against the business and the store manager, seeking to recover for the injuries she suffered in the fall.  The defendants removed the action

on the basis of diversity jurisdiction and the fraudulent joinder of the store manager. The defendants argued that the store manager had not personally contributed to the plaintiff's injuries and, thus, that no reasonable possibility existed of a claim against the store manager. The court disagreed. It found that the defendants had not met their burden of showing that the allegations – namely, that the store manager "personally failed to maintain the store in a reasonably safe condition, that she personally failed to warn [the plaintiff] of the unreasonably dangerous condition, and that she personally caused or allowed the unreasonably dangerous condition to exist" – were "insufficient as a matter of law to satisfy Alabama's 'personal participation' prerequisite for personal liability for a corporate agent." *Kimbrough*, 2006 WL 3627102, at *5. Accordingly, the court remanded the case, finding that the defendants had not met their burden of demonstrating the fraudulent joinder of the non-diverse defendant. *See id.*

Here, Plaintiffs make similar allegations. They allege that, prior to the date of Mrs. Parker's injuries, the store manager fell short in his duties pertaining to implementing store policies, training and supervising employees in how to stack merchandise properly, warning customers of safety hazards, and monitoring the store's safety, and that those deficiencies ultimately resulted in the rug toppling down on Mrs. Parker. These allegations do not hinge liability solely on a title, but

rather on what the store manager did and failed to do to contribute to Mrs. Parker's injuries.

The store manager's affidavit does not contradict Plaintiffs' allegations. The affidavit restricts the time frame of the store manager's lack of control over the store's operations to the "time of the incident," but the store manager's supervisory and other shortcomings of which Plaintiffs complain occurred prior to that time. Moreover, in his affidavit, the store manager does not deny that at that time of the incident he was the store manager (albeit absent from the store) or that in the days preceding the time of the incident, he was the store manager. He also does not deny that he had supervisory responsibilities similar or identical to those attributed to him by Plaintiffs, nor does the store manager deny that he was aware of the manner in which the rugs were stacked. Furthermore, the store manager's assertion that he "did not personally participate in the creation of any condition cited in the litigation" is a legal conclusion that is insufficient to amount to factual support. *Cf. Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991) (A nonmoving party may not defeat summary judgment by "simply relying on legal conclusions or evidence which would be inadmissible at trial. The evidence presented cannot consist of conclusory allegations or legal conclusions." (internal citation omitted)).

Finally, while perhaps it can be implied from *Kimbrough* that the store manager was present in the business establishment on the day the plaintiff slipped

and fell (at least there was no allegation that the store manager was absent), Lowe's provides no citation of authority to support its argument that under Alabama law, "personal participation" *requires* the "physical presence" of an on-duty manager (Def.'s Br. 10–11), and the court is aware of none.  Finally, to the extent that there is any ambiguity under Alabama law as to whether under the facts alleged in this case, the store manager may be held liable for Mrs. Parker's injuries despite his absence, on a fraudulent joinder analysis, that ambiguity must be resolved in Plaintiffs' favor.  *See Crowe*, 113 F.3d at 1539.

Lowe's has not met its heavy burden on removal to prove that Plaintiffs fraudulently joined the store manager.[2]  This action must be remanded.

## IV.  CONCLUSION

Based on the foregoing, it is ORDERED that Plaintiffs' motion to remand (Doc. # 6) is GRANTED, and that this action is REMANDED to the Circuit Court of Coffee County, Alabama, pursuant to 28 U.S.C. § 1447(c).  The Clerk of the Court is DIRECTED to take appropriate steps to effect the remand.

DONE this 29th day of October, 2013.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Because the presence of the store manager destroys diversity jurisdiction, the court need not address the parties' arguments with regard to § 1332(a)'s amount-in-controversy requirement.

10